UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80033-CR-MARRA

UNITED STATES OF AMERICA,

v.

JAMES L. EXLINE,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR POST-CONVICTION RELIEF

        This matter came before the Court upon Defendant James L. Exline's Motion for Post-Conviction Relief. (DE 23). Upon considering the motion and otherwise being duly advised in the premises, it is HEREBY ORDERED AND ADJUDGED as follows:

        Defendant pled guilty to one count of filing a false income tax return in violation of 26 U.S.C. § 7206(1). Defendant was sentenced to 10 months imprisonment to be followed by one year of supervised release, a $3,000.00 fine and a $100.00 special assessment. (DE 21). According to Defendant's motion, he is confined in the Federal Prison Camp in Atlanta, Georgia. Defendant has filed the present motion pursuant to 28 U.S.C. § 2255, 18 U.S.C. §§ 3621 and 3624 and United States Sentencing Guidelines Manual § 5C1.1(d). For various reasons stated in his motion, Defendant requests that the Court order him transferred to home detention or community confinement. After a review of Defendant's motion, the Court determines that it must be denied.

        Defendant asserts a number of grounds to justify the granting of the relief he seeks. First,

Defendant asserts that his circumstances have materially changed.  He claims that his mother's health has deteriorated and home detention would permit him to provide needed care.  Defendant also asserts that his medical condition has become serious and he is being denied necessary medication.  Defendant contends that home detention or community confinement will allow him to obtain the medication he needs and cannot receive in federal prison.  Lastly, Defendant argues that, under the Federal Sentencing Guidelines, one-half of his sentence can be satisfied by home detention or home confinement and that the Bureau of Prisons is not properly considering him for placement in a residential re-entry center pursuant to 18 U. S. C. §§ 3621 and 3624.

First, to the extent Defendant is asking this Court to modify the sentence it imposed due to a change in circumstances, the Court is without jurisdiction to do so.  Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except as authorized by that statute.  None of the exceptions set forth in § 3582(c) apply in this case.  Additionally, the court in *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002) recognized that district courts do not have inherent authority to modify a previously imposed sentence unless authorized by statute to do so.  Because Defendant has not asserted any statutory basis which would authorize the Court to modify his sentence because of changed circumstances, his motion on that ground must be denied.

Defendant does, however, rely upon 28 U.S.C. § 2255 as authority for this Court to order the Bureau of Prisons to alter his level of confinement from imprisonment to either home detention or community confinement. Defendant contends that the Bureau of Prisons is not properly considering him for placement in a residential re-entry center as required under 18 U.S.C. §§ 3621 and 3624.  Defendant further asserts that the Bureau of Prisons' failure to

designate him to home detention or community confinement is a violation of the laws of the United States and under § 2255, this Court is authorized to order such relief. A review of the applicable law demonstrates that the relief Defendant seeks, if available at all, may not be awarded under § 2255.

The Eleventh Circuit Court of Appeals has held that "§ 2255 affords relief only to those prisoners who 'claim[] the right to be released' from custody." *Blaik v. United States,* 161 F.3d 1341, 1343 (11th Cir. 1998). It is clear that Defendant is not seeking to be released from custody. Rather, he is seeking to alter the level of his confinement from imprisonment to home detention or community confinement. Either one of these alternatives, if granted, would still render Defendant in custody. *United States v. Brown,* 117 F.3d 471, 475 (11th Cir. 1997)(a person serving a term of supervised release was "in custody" within the meaning of § 2255); *see Jones v. Cunningham,* 371 U.S. 236, 240-43 (1963)(a person is in custody when there are "significant restraints on [his] liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally"). Because Defendant is not seeking to be released from custody, he may not seek relief under § 2255.

Moreover, to the extent Defendant may have a claim that the Bureau of Prisons is not properly considering him for placement in a residential re-entry center, his remedy is under 28 U.S.C. § 2241. Decisions from the Eleventh Circuit Court of Appeals have recognized that a challenge to the manner in which a sentence is being executed by the Bureau of Prisons or the Parole Commission, as opposed to the manner in which the sentence was imposed, must be brought under § 2241. In *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000), the court recognized that the administration of service credits by the Bureau of Prisons "involves the

execution rather than the imposition of sentence." The court cited with approval *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994), where it was stated that 28 U.S.C. § 2241 "challeng[es] the manner in which [a] sentence is being executed rather than the validity of [the] conviction and sentence." In *United States v. Plain,* 748 F.2d 620, 621 n.3 (11th Cir. 1984), the court stated that a petition under 28 U.S.C. § 2241 was the correct procedure to review actions of the Parole Commission where there was a challenge to the manner in which the court's judgment and sentence would be performed.[1] Other circuit courts have held consistent with the Eleventh Circuit in this regard. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3rd Cir. 2005); *United States v. Jalili,* 925 F.2d 889, 893 (9th Cir. 1991). Here, Defendant is not challenging the validity of the sentence imposed by the Court. Rather, he is challenging the manner in which the Bureau of Prisons is executing the sentence. Under such circumstances, his remedy is under § 2241.[2]

Since the relief Defendant is seeking relative to how the Bureau of Prisons is executing his sentence must be brought pursuant to 28 U.S.C. § 2241, this Court is without jurisdiction to entertain his request. It is well settled that a petition for habeas corpus relief under § 2241 must be brought in the district where the petitioner is incarcerated. *Rumsfeld v. Padilla,* 542 U.S. 426,

---

[1] The Eleventh Circuit has reasserted this principle in a recent unpublished decision. *Williams v. Pearson,* 197 Fed. Appx. 872 (11th Cir. 2006)(to the extent Williams' claim is a challenge to the manner in which his sentence is being executed, § 2241 was the proper statute for bringing suit).

[2] Apparently Defendant agrees with this proposition. In a case filed by Defendant in the Northern District of Georgia where he is seeking the same relief, Defendant has taken the position that "a § 2241 petition is in fact an appropriate vehicle to challenge placement decisions by the [Bureau of Prisons]." *James L. Exline v. Loren Grayer,* Case No. 07-CV-1813-JEC-LTW, (N.D.Ga.).( DE 6, Petitioner's Traverse to Respondent's Response at 1.)

442-47 (2004); *Hajduk v. United States,* 764 F.2d 795, 796 (11th Cir. 1985); *Plain,* 748 F.2d at 621 n.3. By Defendant's own admission, he is incarcerated in Atlanta, Georgia. Hence, the relief he is seeking relative to the manner in which the Bureau of Prisons is processing his placement in a residential re-entry center must be sought in that judicial district.[3]

In view of all of the foregoing, Defendant's Motion for Post-Conviction Relief is **DENIED.**

Done and ordered in Chambers in West Palm Beach, Palm Beach County, Florida, this 29th day of October, 2007.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

---

[3] As previously indicated, Defendant has a proceeding pending in the Northern District of Georgia in which he is challenging the manner in which the Bureau of Prisons is exercising its discretion under 18 U.S.C. § 3621. This order is without prejudice to Defendant seeking any relief to which he may be entitled in that case.